UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

BRENDA G.,

                    Plaintiff,

      v.

KILOLO KIJAKAZI,[1] Commissioner of
  Social Security,

                    Defendant.
_____

**DECISION
and
ORDER**

**20-CV-6681F**
(**consent**)

APPEARANCES:           LAW OFFICES OF KENNETH HILLER
                                  Attorneys for Plaintiff
                                  KENNETH R. HILLER, and
                                  MARY ELLEN GILL, of Counsel
                                  6000 North Bailey Avenue
                                  Suite 1A
                                  Amherst, New York  14226

                                  TRINI E. ROSS
                                  UNITED STATES ATTORNEY
                                  Attorney for Defendant
                                  Federal Centre
                                  138 Delaware Avenue
                                  Buffalo, New York  14202
                                      and
                                  KATHRYN L. SMITH
                                  Assistant United States Attorney, of Counsel
                                  United States Attorney Office
                                  100 State Street
                                  Rochester, New York  14614
                                      and
                                  HEATHER SERTIAL
                                  Special Assistant United States Attorney, of Counsel
                                  Social Security Administration
                                  Office of General Counsel
                                  26 Federal Plaza
                                  Room 3904
                                  New York, New York  12078

---

[1] Kilolo Kijakazi became the Acting Commissioner of the Social Security Administration on July 9, 2021, and, pursuant to Fed.R.Civ.P. 25(d), is substituted as Defendant in this case.  No further action is required to continue this suit by reason of sentence one of 42 U.S.C. § 405(g).

## JURISDICTION

On April 1, 2022, the parties to this action consented pursuant to 28 U.S.C. § 636(c) to proceed before the undersigned. (Dkt. 17). The matter is presently before the court on motions for judgment on the pleadings filed by Plaintiff on July 9, 2021 (Dkt. 14), and by Defendant on November 24, 2021 (Dkt. 15).

## BACKGROUND

Plaintiff Brenda G. ("Plaintiff"), brings this action under Title XVI of the Social Security Act ("the Act"), 42 U.S.C. §§ 405(g) and 1383(c)(3), seeking judicial review of the Commissioner of Social Security's final decision denying Plaintiff's application filed with the Social Security Administration ("SSA") on March 21, 2017, for Supplemental Security Income ("SSI") under Title XVI of the Act ("disability benefits"). Plaintiff alleges she became disabled on February 10, 2016, based on anxiety/panic attacks since 2010, easily stressed out, depression since 2003, fatigue, migraines three times a week since 2011, dizziness/light sensitivity requiring Plaintiff be in a dark room, asthma since 2000, and, as of the application date, pregnancy. AR[2] at 82, 237, 254. Plaintiff's application initially was denied on June 9, 2017, AR at 107-15, and at Plaintiff's timely request, AR at 129-31, on July 10, 2019, an administrative hearing before Administrative Law Judge ("ALJ") Connor O'Brien ("the ALJ"), commenced in Buffalo New York, AR at 79-106 ("first hearing"), which was adjourned to permit the ALJ to obtain additional medical evidence and continued on August 20, 2019, AR 44-78 ("second hearing"). Appearing and testifying at both the first and second hearings were Plaintiff, then represented by

---

[2] References to "AR" are to the pages of the Administrative Record electronically filed by Defendant on April 9, 2021 (Dkt. 13).

Elias Farah, Esq., with vocational expert Peter Mansi ("the VE") appearing and testifying at the second hearing.

On November 12, 2019, the ALJ issued a decision denying Plaintiff's claim, AR at 12-32 ("ALJ's Decision"), which Plaintiff timely appealed to the Appeals Council. AR at 232-36. In connection with her appeal to the Appeals Council, Plaintiff submitted additional evidence consisting of a Medical Statement of Ability to do Work-Related Activities (Mental). AR at 33-36 ("Mental Ability Statement"). On July 14, 2020, the Appeals Council adopted the ALJ's Decision that Plaintiff was not disabled through the date of the ALJ's Decision, AR at 1-7 ("Appeals Council Decision"), thus rendering the ALJ's Decision the Commissioner's final decision. In rendering the Appeals Council Decision, the Appeals Council acknowledged receipt of the Mental Ability Statement, but because the Appeals Council's review of the Mental Ability Statement did not show a reasonable probability that it would change the outcome of the ALJ's Decision, the Appeals Council did not "exhibit" the statement, *i.e.*, the Mental Ability Statement was not included as medical evidence in the Administrative Record, although a copy is included in the Administrative Record's Index. On September 9, 2020, Plaintiff commenced the instant action seeking review of the ALJ's Decision denying Plaintiff disability benefits.

On July 9, 2021, Plaintiff moved for judgment on the pleadings (Dkt. 14) ("Plaintiff's Motion"), attaching the Memorandum of Law in Support of Plaintiff's Motion for Judgment on the Pleadings (Dkt. 14-1) ("Plaintiff's Memorandum"). On November 24, 2021, Defendant moved for judgment on the pleadings (Dkt. 15) ("Defendant's Motion"), attaching the Memorandum of Law in Support of Commissioner's Motion for

Judgment on the Pleadings (Dkt. 15-1) ("Defendant's Memorandum").  Filed on January 5, 2022, was Plaintiff's Reply to Commissioner's Memorandum in Support (Dkt. 16) ("Plaintiff's Reply"), advising "Plaintiff deems no reply necessary because any reply would simply duplicate arguments made in the original brief, and accordingly relies on the original arguments and authority contained in her primary brief.  Oral argument was deemed unnecessary.

Based on the following, Plaintiff's Motion is DENIED; Defendant's Motion is GRANTED.

## **FACTS**[3]

Plaintiff Brenda G. ("Plaintiff"), born November 21, 1975, was 40 years old as of her alleged disability onset date ("DOD") of February 7, 2016, AR at 52, 82, 237, 254, 288, and 43 years old as of November 12, 2019, the date of the ALJ's decision.  AR at 26.  Plaintiff lives in a house with her two children including her teenage daughter and toddler daughter.  AR at 52, 54, 83, 90, 92.  Plaintiff's teenage daughter has mental health problems and recently failed 9th grade, and Plaintiff's toddler daughter is blind in one eye, for which she underwent multiple surgeries, and also has a hernia, yet Plaintiff provides care for both her daughters.  AR at 61, 98-101.  Plaintiff also has two adult sons, one who lives on his own, and the other who lives with his father.  AR at 52, 100.

Plaintiff attended high school where she was in special education classes for a learning disability, graduated with an IEP diploma[4] and has not completed any

---

[3] In the interest of judicial economy, recitation of the Facts is limited to only those necessary for determining the pending motions for judgment on the pleadings.
[4] An IEP diploma refers to a high school diploma awarded to students with significant disabilities in recognition of achievement of individual educational goals pursuant to an individual educational program

specialized job training, trade, or vocational program. AR at 53, 54, 69-70, 91, 259. Plaintiff can read and write, but cannot do math without the assistance of a calculator. AR at 53, 91. Plaintiff does not have a driver's license and does not drive, but walks and uses public transportation. AR at 54, 92, 1994. Plaintiff's work history includes jobs through a temporary agency as a hand packer, and as a sales attendant in a retail store, AR at 93-97, 260.

It is undisputed that Plaintiff suffers from mental health impairments including anxiety, depression, and a learning disorder/intellectual disorder, as well as migraines and asthma. As relevant to the instant case, on June 28, 2010, Plaintiff began receiving mental health treatment at Catholic Family Center ("CFC"), where she saw psychologist Lynda J. Dimitroff, Ph.D. ("Dr. Dimitroff"), and nurse practitioner Janine Quinlan ("NP Quinlan"). AR at 916-1606, 1622-35. On June 8, 2017, New York State Disability Review psychiatrist A. Vinluan, M.D. ("Dr. Vinluan"), reviewed Plaintiff's mental health records and conducted a psychiatric review technique. AR at 112-15. In connection with her disability benefits application, on August 26, 2019, Plaintiff underwent an Adult Psychiatric Evaluation by consultative psychologist Todd Deneen, Psy. D. ("Dr. Deneen"). On August 28, 2019, NP Quinlan completed a Mental Treating Medical Source Statement ("Mental Medical Source Statement"). AR at 2001-05. On September 12, 2019, Dr. Dimitroff completed a Medical Statement of Ability to Do Work-Related Activities (Mental) ("Mental Ability Statement"). AR at 33-36. Dr. Dimitroff's Mental Ability Statement was not included in the medical records before the ALJ issued

---

("IEP"), but it is not a regular high school standards based diploma. See Individualized Education Program (IEP) Diploma, *available at*: https://www.p12.nysed.gov/specialed/publications/iepdiploma.htm, *last visited* July 28, 2022.

her decision on November 12, 2019, but on November 13, 2019 was provided to the Appeals Council in support of Plaintiff's appeal of the ALJ's Decision.

## DISCUSSION

**1.     Standard and Scope of Judicial Review**

A claimant is "disabled" within the meaning of the Act and entitled to disability benefits when she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 416(i)(1); 1382c(a)(3)(A).  A district court may set aside the Commissioner's determination that a claimant is not disabled if the factual findings are not supported by substantial evidence, or if the decision is based on legal error.  42 U.S.C. §§ 405(g), 1383(c)(3); *Green-Younger v. Barnhart*, 335 F.3d 99, 105-06 (2d Cir. 2003).  In reviewing a final decision of the SSA, a district court "is limited to determining whether the SSA's conclusions were supported by substantial evidence in the record and were based on a correct legal standard." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (internal quotation marks and citation omitted).  "Substantial evidence is more than a mere scintilla.  It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id*.  It is not, however, the district court's function to make a *de novo* determination as to whether the claimant is disabled; rather, "the reviewing court is required to examine the entire record, including contradictory evidence and evidence from which conflicting inferences can be drawn" to determine whether the SSA's findings are supported by substantial evidence. *Id*.  "Congress has

instructed . . . that the factual findings of the Secretary,[5] if supported by substantial evidence, shall be conclusive." *Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982).  In short, the issue is not whether substantial evidence supports the claimant's argument, but "whether substantial evidence supports *the ALJ's decision*." *Bonet ex rel. T.B. v. Colvin*, 523 Fed.Appx. 58, 59 (2d Cir. 2013) (italics in original).  "Under this 'very deferential standard of review,' 'once an ALJ finds facts, we can reject those facts only if a reasonable factfinder would *have to conclude otherwise*.'" *Id*. at 58-59 (quoting *Brault v. Social Sec. Admin., Comm'r*, 683 F.3d 443, 448 (2d Cir. 2012) (italics in original).

**2.    Disability Determination**

The definition of "disabled" is the same for purposes of receiving SSDI and SSI benefits.  *Compare* 42 U.S.C. § 423(d) *with* 42 U.S.C. § 1382c(a).  The applicable regulations set forth a five-step analysis the Commissioner must follow in determining eligibility for disability benefits.  20 C.F.R. §§ 404.1520 and 416.920.  *See Bapp v. Bowen*, 802 F.2d 601, 604 (2d Cir. 1986); *Berry v. Schweiker*, 675 F.2d 464 (2d Cir. 1982).  The first step is to determine whether the applicant is engaged in substantial gainful activity during the period for which the benefits are claimed.  20 C.F.R. §§ 404.1520(b) and 416.920(b).  The second step is whether the applicant has a severe impairment which significantly limits the physical or mental ability to do basic work activities, as defined in the relevant regulations.  20 C.F.R. §§ 404.1520(c) and 416.920(c).  Third, if there is an impairment and the impairment, or its equivalent, is

---

[5] Pursuant to the Social Security Independence and Program Improvements Act of 1994, the function of the Secretary of Health and Human Services in Social Security cases was transferred to the Commissioner of Social Security, effective March 31, 1995.

listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 of the regulations ("Appendix 1" or "the Listings"), and meets the duration requirement of at least 12 continuous months, there is a presumption of inability to perform substantial gainful activity, and the claimant is deemed disabled, regardless of age, education, or work experience.  42 U.S.C. §§ 423(d)(1)(A) and 1382a(c)(3)(A); 20 C.F.R. §§ 404.1520(d) and 416.920(d).  As a fourth step, however, if the impairment or its equivalent is not listed in Appendix 1, the Commissioner must then consider the applicant's "residual functional capacity" or "RFC" which is the ability to perform physical or mental work activities on a sustained basis, notwithstanding the limitations posed by the applicant's collective impairments, *see* 20 C.F.R. §§ 404.1520(e)-(f), and 416.920(e)-(f), and the demands of any past relevant work ("PRW").  20 C.F.R. §§ 404.1520(e) and 416.920(e).  If the applicant remains capable of performing PRW, disability benefits will be denied, *id*., but if the applicant is unable to perform PRW relevant work, the Commissioner, at the fifth step, must consider whether, given the applicant's age, education, and past work experience, the applicant "retains a residual functional capacity to perform alternative substantial gainful work which exists in the national economy."  *Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999) (quotation marks and citation omitted); 20 C.F.R. §§ 404.1560(c) and 416.960(c).  The burden of proof is on the applicant for the first four steps, with the Commissioner bearing the burden of proof on the final step.  20 C.F.R. §§ 404.1520(a)(4) and 416.920(a)(4); *Burgess v. Astrue*, 537 F.3d 117, 128 (2d Cir. 2008).  All five steps need not be addressed because if the claimant fails to meet the criteria at either of the first two steps, the inquiry ceases and the claimant is not eligible for disability benefits, but if

8

the claimant meets the criteria for the third or fourth step, the inquiry ceases with the claimant eligible for disability benefits.  20 C.F.R. §§ 404.1520 and 416.920.

In the instant case, the ALJ found Plaintiff has not engaged in substantial gainful activity since December 15, 2016, the disability benefits application date, AR at 17, and suffers from the severe impairments of migraines, anxiety, depression, and learning disorder/intellectual disorder, *id*., but that Plaintiff's asthma is not a severe impairment, *id*. and Plaintiff does not have an impairment or combination of impairments meeting or medically equal to the severity of any listed impairment in 20 C.F.R. Part 404, Subpart P, Appendix 1.  *Id*. at 17-20.  Despite her impairments, the ALJ found Plaintiff retains the RFC to perform a medium work as defined in 20 C.F.R. § 416.967(c), with certain limitations including Plaintiff can frequently, but not constantly, stoop to the floor, can tolerate up to occasional exposure to extreme cold, extreme heat, wetness, humidity, and air borne irritants, can tolerate moderate noise and standard office lighting, but not bright lighting, can perform simple, rote, three-step, unskilled work, adjust to occasional changes in works setting, and make simple work-related decisions, can interact with the public at Dictionary of Occupational Titles ("DOT") People function levels 7 (serving), and 8 (helping/taking instruction), but cannot perform teamwork or tandem work.  *Id*. at 20-24.  The ALJ also found Plaintiff, in addition to regularly scheduled breaks, requires up to three short (less than five minutes), unscheduled breaks, and can work to maintain daily goals, but not maintain an hourly, machine-driven, assembly line production rate.  *Id*.  The ALJ further found Plaintiff is unable to perform her past relevant work ("PRW") as a hand packager and sales attendant, AR at 24, but that given Plaintiff's RFC, age, limited education, ability to communicate in English, with

transferability of skills not relevant because Plaintiff's PRW is unskilled, Plaintiff is able to perform other work existing in the national economy in significant numbers including as a bagger and a tagger.  AR at 24-25.  Based on these findings, the ALJ determined Plaintiff is not disabled as defined under the Act since the date of Plaintiff's disability benefits application through the date of the ALJ's Decision.  *Id*. at 25-26.

Plaintiff does not contest the ALJ's Decision but, instead, solely argues that the Appeals Council erred in rejecting Dr. Dimitroff's Mental Ability Statement by conclusorily finding it was not reasonably probable the statement would change the outcome of the case.  Plaintiff's Memorandum at 8-12.  In response, Defendant argues the Appeals Council acted properly in finding Dr. Dimitroff's Mental Ability Statement, newly submitted to the Appeals Council and thus not before the ALJ for consideration, would not change the outcome of the ALJ's Decision.  Defendant's Memorandum at 6-11.  There is no merit to Plaintiff's argument.

"[N]ew evidence submitted to the Appeals Council following the ALJ's decision becomes part of the administrative record for judicial review when the Appeals Council denies review of the ALJ's decision."  *Lesterhuis v. Colvin*, 805 F.3d 83, 87 (2d Cir. 2015) (quoting *Perez v. Chater,* 77 F.3d 41, 45 (2d Cir.1996)).  "The only limitations stated in [20 C.F.R. §§ 404.970(b) and 416.1470(b)] are that the evidence must be new and material and that it must relate to the period on or before the ALJ's decision."  *Id.* (quoting *Perez*, 77 F.3d at 45).  "Once evidence is added to the record, the Appeals Council must then consider the entire record, including the new evidence, and review a case if the 'administrative law judge's action, findings, or conclusion is contrary to the weight of the evidence currently of record.'"  *Id*. (quoting 20 C.F.R. § 404.970(b)).  "If the

Appeals Council denies review of a case, the ALJ's decision, and not the Appeals Council's, is the final agency decision." *Id*. (citing *Perez,* 77 F.3d at 44).

In the instant case, because the Appeals Council determined Dr. Dimitroff's Mental Ability Statement "did not show a reasonable probability that it would change the outcome of the decision," the Appeals Council did not exhibit the statement. AR at 2. This court has previously summarized the duties of the Appeals Council, and the Court's role in reviewing a decision by the Appeals Council:

> Once evidence is added to the record, the Appeals Council must then consider the entire record, including the new evidence, and review a case if the "administrative law judge's action, findings, or conclusion is contrary to the weight of the evidence currently of record." 20 C.F.R. § 404.970(b). If the Appeals Council denies review of a case, the ALJ's decision, and not the Appeals Council's, is the final agency decision.

*Lesterhuis*, 805 F.3d at 87 (citation omitted).

"[T]he Appeals Council does not err by declining to review an ALJ's decision, and is not required to give a detailed explanation for its decision, when the newly-submitted evidence does not dramatically alter the weight of the evidence." *Ramon T. v. Comm'r of Soc. Sec.*, 2021 WL 4145742, at *7 (W.D.N.Y. Sept. 13, 2021) (citing *Bushey v. Colvin*, 8:11-CV-00031-RFT (N.D.N.Y.), *aff'd*, 552 Fed.Appx. 97, 98 (2d Cir. 2014) ("We do not believe that the Appeals Council erred by refusing to review the ALJ's decision in light of the new evidence that Bushey submitted to that body. The Appeals Council had substantial evidence supporting its decision to decline review, as the new evidence that Bushey presented did not alter the weight of the evidence so dramatically as to require the Appeals Council to take the case.")). Accordingly, the issue before the court is whether the new evidence cited above "altered the weight of the evidence so dramatically as to require the Appeals Council to take the case." *Davis v. Colvin*, 2016

WL 385183, at *6 (W.D.N.Y. Feb. 2, 2016) (citing *Bushey*, 552 Fed.Appx. at 98). The Court finds that it did not.

In particular, Dr. Dimitroff's Mental Ability Statement is consistent with the ALJ's RFC formulation.  Specifically, although Dr. Dimitroff did check boxes indicating Plaintiff's abilities to understand, remember, and carry out instructions are affected by her mental impairments, AR at 33, and Plaintiff is extremely limited in her abilities to understand, remember and carry out complex instructions, and make judgments on complex, work-related decisions, AR at 33, the ALJ's RFC determination limits Plaintiff to "simple, rote, 3-step, unskilled work" and the ability to "make simple work-related decisions."  Significantly, this is consistent with Dr. Dimitroff's Mental Ability Statement that Plaintiff is only moderately limited in understanding, remembering, and carrying out simple instructions and in making judgments on simple work-related decisions.  AR at 33.  *See Calabrese v. Astrue*, 358 Fed.Appx. 274, 277 (2d Cir. 2009) (moderate limitations in work-related areas are not inconsistent with performing unskilled work); *Lisa K. v. Comm'r of Soc. Sec.*, 2022 WL 2317968, at *9 (W.D.N.Y. June 28, 2022) ("Moderate mental limitations do not indicate disabling functional restrictions that would prevent a claimant from performing the basic mental demands of unskilled work.").  The Appeals Council thus did not err in rejecting Dr. Dimitroff's Mental Ability Statement because there was no reasonable probability that it would alter the weight of the outcome of the case.

**CONCLUSION**

Based on the foregoing, Plaintiff's Motion (Dkt. 14) is DENIED; Defendant's Motion (Dkt. 15) is GRANTED.  The Clerk of Court is directed to close the file.

SO ORDERED.

/s/ *Leslie G. Foschio*

_____
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

DATED:   July 28th, 2022
         Buffalo, New York